IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>        Defendant. | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant Federal Bureau of Investigation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4. Defendant Federal Bureau of Investigation ("FBI") is an agency of the United States government. FBI has its principal place of business in the District of Columbia. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 15, 2004, Plaintiff sent a FOIA request to Defendant and several other federal agencies, by facsimile and by certified U.S. mail, return receipt requested, seeking access to any and all records concerning or relating to the following subjects:

(1) Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Sheraton National Hotel in Arlington, Virginia, on or about September 11, 2001.

(2) Video camera recording(s) obtained by any federal official(s) and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity of the Pentagon on or about September 11, 2001.

(3) Pentagon security video camera recording(s) showing Flight 77 strike and/or hit and/or crash into the Pentagon on September 11, 2001.

(4) Closed Circuit Television (CCTV) video camera recording(s) obtained by any federal official(s) and/or law enforcement from the Virginia Department of Transportation ("VDOT") and/or the VDOT "Smart Traffic Center" on or about September 11, 2001.

6. Plaintiff's December 15, 2004 request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

7. On or about December 29, 2004, Plaintiff received a letter from David M. Hardy of Defendant's Records Management Division acknowledging receipt of Plaintiff's December 15, 2004 request.

8. On or about March 22, 2005, Plaintiff received a second letter from Mr. Hardy.

This letter stated that no documents responsive to part one of Plaintiff's FOIA request had been found. Mr. Hardy's letter further stated that documents responsive to parts 2-4 had been found, but were exempt from production pursuant to 5 U.S.C. § 552(b)(7)(A).

9. On or about April 4, 2005, Plaintiff submitted an appeal of Defendant's March 22, 2005 denial letter.

10. On or about April 8, 2005, Plaintiff received a letter from Priscilla Jones, Chief, Administrative Staff of the U.S. Department of Justice's Office of Information and Privacy, acknowledging receipt of Plaintiff's April 4, 2005 FOIA appeal.

11. More than one year later, on May 22, 2006, Plaintiff sent Defendant a letter requesting an update as to when Plaintiff could expect a decision regarding its April 4, 2005 FOIA appeal. Plaintiff's May 22, 2006 letter noted that in a similar case, *Judicial Watch, Inc., v. U.S. Dep't of Defense*, C.A. No. 06-0309 (RBW), the U.S. Department of Defense ("DOD") had invoked 5 U.S.C. § 552(b)(7)(A) to withhold another videotape depicting Flight 77 striking the Pentagon, but released the videotape to Judicial Watch on May 16, 2006, shortly after the trial of Zacarias Moussaoui had ended.

12. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant was required to make a determination regarding Plaintiff's April 4, 2005 FOIA appeal by May 3, 2005. However, as of June 21, 2006, Defendant failed to make a final determination regarding Plaintiff's appeal or release any videotapes to Plaintiff.

13. Because Defendant failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff

is deemed to have exhausted any and all administrative remedies with respect to its December 15, 2004 FOIA request. 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA)

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) enjoin Defendant from continuing to withhold records responsive to Plaintiff's December 15, 2004 FOIA request; (3) order Defendant to produce all responsive records not subject to claims of exemption and a *Vaughn* index of withheld records by a date certain; (4) award Plaintiff attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff