IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JUDICIAL WATCH, INC.,               )
        Plaintiff,                  )
                                    )
    v.                              )    Civil Action No. 06-1135 (PLF)
                                    )
FEDERAL BUREAU OF INVESTIGATION,    )
        Defendant.                  )
_____)

**DEFENDANT'S MOTION TO DISMISS THIS CASE AS MOOT**

Defendant Federal Bureau of Investigation ("FBI") hereby moves to dismiss this case as moot because defendant has voluntarily produced to plaintiff all of the materials it possesses that were at issue in this lawsuit. Because there remain no materials the withholding of which is still in controversy, the Court must dismiss this action.

BACKGROUND

On December 15, 2004, plaintiff sent a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to defendant seeking access to any and all records concerning or relating to the following subjects:

    (1)    Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Sheraton National Hotel in Arlington, Virginia, on or about September 11, 2001.

    (2)    Video camera recording(s) obtained by any federal official(s) and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity of the Pentagon on or about September 11, 2001.

    (3)    Pentagon security video camera recording(s) showing Flight 77 strike and/or hit and/or crash into the Pentagon on September 11, 2001.

    (4)    Closed Circuit Television (CCTV) video camera recording(s) obtained by any federal official(s) and/or law enforcement from the Virginia Department of Transportation

("VDOT") and/or the VDOT "Smart Traffic Center" on or about September 11, 2001. *See* First Amend. Compl. ¶ 5.

On December 29, 2004, defendant acknowledged receipt of plaintiff's request. On March 22, 2005, defendant sent plaintiff a letter indicating that no documents responsive to paragraph 1 of plaintiff's request had been located but that documents responsive to paragraphs 2, 3, and 4 had been located, but were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). *See* First Amend. Compl. ¶¶ 8-9. Plaintiff appealed the denial of its FOIA request on April 4, 2005. *Id.* at ¶ 10. On June 22, 2006, before a decision was reached on plaintiff's appeal, plaintiff filed the instant action seeking a preliminary injunction barring defendant from the further withholding of responsive materials. *See* Pl's Mot. for Preliminary Injunction at 1.

On July 11, 2006, defendant moved, unopposed, for a 7 day extension of time in which to respond to plaintiff's motion for a preliminary injunction. In the motion, defendant acknowledged that it was in possession of videotapes responsive to the second and third paragraphs of plaintiff's December 15, 2004 request.[1] And defendant stated that while it had already released the videotape responsive to the third of plaintiff's requests in a separate lawsuit, *see* Def's Mot. for an Ext. of Time (July 11, 2006) at 2, it needed additional time to review the videotape responsive to paragraph 2 of plaintiff's request, *see id.* at 1. The Court granted defendant's motion on July 12, 2006.

Upon completing review of the videotape responsive to the second paragraph of

---

[1] Defendant also stated that while it initially believed that a videotape responsive to the fourth paragraph of plaintiff's request was in defendant's possession, further search revealed that defendant did not, in fact, possess a videotape response to paragraph 4 of plaintiff's request. *See* Def.'s Mot. for Ext. of Time (July 11, 2006) at 2-3.

plaintiff's request it was determined that the faces of patrons and employees of the Nexcomm/Citgo gas station at which the videotape was filmed were clearly visible on the videotape and that releasing the videotape could therefore pose significant privacy problems. *See* Stipulation And Agreed Order To Stay (July 19, 2006) at ¶ 4. Rather than withhold the videotape on that basis, however, defendant entered into an agreement with plaintiff whereby plaintiff agreed to a stay of this case of sufficient duration for defendant to redact the faces of the individuals on the Nexcomm/Citgo gas station videotape. *Id.* at ¶ 5. In return, defendant agreed to produce a redacted copy of the videotape to plaintiff. *Id.*

On July 19, 2006, the parties entered into a stipulation by which plaintiff and defendant stipulated and agreed that defendant would have until October 18, 2006 to redact the Nexxcom/Citgo gas station videotape. *See id.* On July 21, 2006, the Court entered a Minute Order approving the parties' July 19, 2006 stipulation.

On August 3, 2006, plaintiff amended its Complaint in this action to include a claim related to a June 29, 2006 FOIA request plaintiff had served on defendant seeking the following:

> (1)    Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Doubletree Hotel in Arlington, Virginia, showing the Pentagon and/or its environs, to include but not limited to, the impact of American Airlines Flight 77, on or about September 11, 2001.

*See* First Amend. Compl. ¶ 6. At the time of filing the amended complaint plaintiff had not received any response from defendant concerning the June 29, 2006 request. *See* First Amend. Compl. ¶ 14.

Following the filing of plaintiff's amended complaint, defendant ascertained that it possessed a videotape responsive to plaintiff's June 29, 2006 request, but review of that

3

videotape revealed that, like the Nexcomm/Citgo gas station videotape, the Doubletree Hotel videotape included the images of several individuals who appear to be patrons and employees of the Doubletree Hotel.  *See* Stipulation And Agreed Order To Stay (August 14, 2006) at ¶ 6.  Rather than withhold the videotape on that basis, defendant again reached an agreement with plaintiff whereby defendant would provide to plaintiff a copy of the videotape on which the individuals' faces had been redacted, in return for plaintiff's consent to a stay of proceedings to allow defendant to make such redactions.  *Id.* at ¶ 7.

On August 14, 2006, the parties agreed and stipulated that defendant would have until November 9, 2006 to complete its redaction of the Doubletree Hotel videotape and to produce the videotape to plaintiff.  *Id.*  The redaction of the Doubletree Hotel videotape, however, proceeded more slowly than first anticipated.  On November 8, 2006, the parties entered into a further stipulation, staying the case – with respect to the Doubletree Hotel videotape – until December 22, 2006, so that the redactions could be completed.  *See* Stipulation And Agreed Order To Stay (Nov. 8, 2006) at ¶¶ 8-9.

Defendant has now produced to plaintiff redacted copies of both the Nexcomm/Citgo gas station videotape and the Doubletree Hotel videotape.  Defendant produced the Nexcomm/Citgo gas station videotape on September 13, 2006.  *See* Exhibit 1.  And though it was well before the deadline the parties had agreed to, defendant was able to complete the redactions of the Doubletree Hotel videotape by the end of November, and released a redacted copy of that videotape to plaintiff on November 28, 2006.  *See* Exhibit 2.  Defendant does not possess any additional materials responsive to plaintiff's requests.

ARGUMENT

It is well settled that granting plaintiff the relief sought renders moot any claimed FOIA violation. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (release of all non-exempt materials, even if delayed, moots litigation). Additionally, the release of requested records vitiates a fundamental prerequisite to the Court's authority to order production of records – that the requested records be "improperly withheld" within the meaning of the statute. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (judicial authority to devise remedies and enjoin agencies can only be invoked under FOIA's jurisdictional provision if it is shown that agency has improperly withheld agency records).

Defendant having now made available the only material it possesses that was disputed as improperly withheld in plaintiff's amended complaint, *see* First Amend. Compl. ¶¶ 5-6, the claimed FOIA violation is now moot. *See Tijerina*, 821 F.2d at 799. Furthermore, as defendant is no longer withholding any material, the Court lacks jurisdiction under the FOIA to order any remedy or enter any injunction requiring disclosure. *See Kissinger*, 445 U.S. at 150.[2]

---

[2] On December 1, 2006, plaintiff informed defense counsel that it may seek attorney's fees in connection to this case. The government will oppose any motion for fees but the Court would retain jurisdiction over that matter should plaintiff so move.

CONCLUSION

For the reasons set forth above the Court should dismiss this case as moot.

Dated: December 7, 2006         Respectfully submitted,

                                PETER D. KEISLER
                                Assistant Attorney General

                                JEFFREY A. TAYLOR
                                United States Attorney

                                ELIZABETH J. SHAPIRO (D.C. Bar #418925)
                                Assistant Director

                                _____/s/_____
                                Jonathan E. Zimmerman (MA Bar #654255)
                                Trial Attorney
                                U.S. Department of Justice
                                Civil Division, Federal Programs Branch
                                20 Massachusetts Ave., N.W., Room 6134
                                Washington, D.C., 20001
                                Telephone: (202) 353-0441
                                Fax: (202) 318-7610
                                jonathan.zimmerman@usdoj.gov

                                *Attorneys for Defendant*