IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION, ) <br>     Defendant. ) | Civil Action No. 06-1135 (PLF) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**INTRODUCTION**

Despite the fact that the only Court order changing the legal status of the parties entered in this case was the Court's Order of December 13, 2006, granting defendant Federal Bureau of Investigation's (FBI) motion to dismiss this case as moot, plaintiff has filed a motion to recover $12,144.68 in attorney's fees and costs as if it were a substantially prevailing party. Plaintiff's motion can be based only on a catalyst theory of recovery– rejected by both the Supreme Court and this Circuit– since defendant released the records plaintiff sought during the pendency of this case. None of the record releases, however, were the result of a decision on the merits in favor of plaintiff in this case. In fact, there was no briefing on the merits in this case, nor did the Court enter a decision on the merits in this case. Because plaintiff did not receive a favorable judgment on the merits in this lawsuit, it is not eligible for attorneys' fees. Even if the Court were to find plaintiff eligible for an award of attorneys' fees in this case the Court should exercise its discretion not to award such fees because defendant voluntarily released the materials as quickly

1

as possible.

## FACTUAL AND PROCEDURAL BACKGROUND

At issue in this case are two Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests seeking videotapes that were collected from sites near the Pentagon by the FBI immediately following the attack on the Pentagon on September 11, 2001. On December 15, 2004, plaintiff sent a FOIA request to defendant seeking access to any and all records concerning or relating to the following subjects:

(1) Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Sheraton National Hotel in Arlington, Virginia, on or about September 11, 2001.

(2) Video camera recording(s) obtained by any federal official(s) and/or law enforcement from a Nexcomm/Citgo gas station in the vicinity of the Pentagon on or about September 11, 2001.

(3) Pentagon security video camera recording(s) showing Flight 77 strike and/or hit and/or crash into the Pentagon on September 11, 2001.

(4) Closed Circuit Television (CCTV) video camera recording(s) obtained by any federal official(s) and/or law enforcement from the Virginia Department of Transportation ("VDOT") and/or the VDOT "Smart Traffic Center" on or about September 11, 2001.

*See* First Amend. Compl. ¶ 5.

Defendant acknowledged receipt of the plaintiff's request on December 29, 2004, and on March 22, 2005, sent plaintiff a letter indicating that no records responsive to paragraph 1 of plaintiff's request had been located but that records responsive to paragraphs 2, 3, and 4 had been located, but were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A) because the records were at that time part of an investigative file. *See* Exhibit 1 to this memorandum; *and* First Amend. Compl. ¶¶ 8-9. Plaintiff appealed the denial of its FOIA request on April 4, 2005. *Id.* at ¶ 10. Before a decision was reached on plaintiff's appeal, on June 22, 2006, plaintiff filed

the instant action seeking a preliminary injunction barring defendant from the further withholding of responsive materials. *See* Pl's Mot. for Preliminary Injunction at 1.

On July 11, 2006, defendant moved, unopposed, for a 7 day extension of time in which to respond to plaintiff's motion for a preliminary injunction. In the motion, defendant acknowledged that it was in possession of videotapes responsive to the second and third paragraphs of plaintiff's December 15, 2004 request, and defendant stated that while it had already released the videotape responsive to the third of plaintiff's requests in a separate lawsuit, *see* Def's Mot. for an Ext. of Time (July 11, 2006) at 2, it needed additional time to review the videotape responsive to paragraph 2 of plaintiff's request, *see id.* at 1.[1] The Court granted defendant's motion on July 12, 2006.

Upon completing review of the videotape responsive to the second paragraph of plaintiff's request, defendant decided to voluntarily release a redacted version of the videotape, redacting from the videotape images of the faces of patrons and employees of the Nexcomm/Citgo gas station at which the videotape was filmed so as to protect those individuals' privacy. *See* Stipulation And Agreed Order To Stay (July 19, 2006) at ¶ 4. On July 19, 2006, the parties entered into a stipulation by which plaintiff and defendant stipulated and agreed that the case should be stayed until October 18, 2006 so defendant could redact and then release the Nexxcom/Citgo gas station videotape. *See id.* On July 21, 2006, the Court entered a Minute Order staying the case in accord with the parties' July 19, 2006 stipulation.

---

[1] Defendant also explained that while it initially believed that a videotape responsive to the fourth paragraph of plaintiff's request was in defendant's possession, further search revealed that defendant did not, in fact, possess a videotape response to paragraph 4 of plaintiff's request. *See* Def.'s Mot. for Ext. of Time (July 11, 2006) at 2-3.

On August 3, 2006, plaintiff amended its Complaint in this action to include a claim related to a June 29, 2006 FOIA request plaintiff had served on defendant seeking the following:

> (1)   Video camera recording(s) obtained by federal official(s) and/or law enforcement from the Doubletree Hotel in Arlington, Virginia, showing the Pentagon and/or its environs, to include but not limited to, the impact of American Airlines Flight 77, on or about September 11, 2001.

*See* First Amend. Compl. ¶ 6. Though defendant acknowledged receipt of this request on July 19, 2006, *see* Exhibit 2 to this memorandum, at the time of filing the amended complaint plaintiff had not yet received a decision as to this request. *See* First Amend. Compl. at ¶ 14.

Following the filing of plaintiff's amended complaint, defendant ascertained that it possessed a videotape responsive to plaintiff's June 29, 2006 request, but review of that videotape revealed that, like the Nexcomm/Citgo gas station videotape, the Doubletree Hotel videotape included the images of several individuals who appear to be patrons and employees of the Doubletree Hotel. *See* Stipulation And Agreed Order To Stay (August 14, 2006) at ¶ 6. Rather than withhold the videotape on that basis, defendant again decided to voluntarily release the videotape after redacting the individuals' faces to protect their privacy and reached an agreement with plaintiff extending the stay of the case so that those redactions could be carried out. *Id.* at ¶ 7.

On August 14, 2006, the parties agreed and stipulated that defendant would have until November 9, 2006 to complete its redaction of the Doubletree Hotel videotape. *Id.* The redaction of the Doubletree Hotel videotape, however, proceeded more slowly than first anticipated. On November 8, 2006, the parties entered into a further stipulation, extending the stay – with respect to the Doubletree Hotel videotape – until December 22, 2006, so that the

redactions could be completed. *See* Stipulation And Agreed Order To Stay (Nov. 8, 2006) at ¶¶ 8-9.

Defendant released a redacted version of the Nexcomm/Citgo gas station videotape on September 13, 2006. *See* Exhibit 3. Defendant released a redacted version of the Doubletree Hotel videotape on November 28, 2006. *See* Exhibit 4. On December 7, 2006, defendant moved to dismiss this case as moot as defendant had voluntarily released all records sought by plaintiff. Plaintiff did not oppose and the Court dismissed this case as moot on December 13, 2006.

## ARGUMENT

Under FOIA, a plaintiff may be awarded attorneys' fees only if: 1) the plaintiff is *eligible* for such an award, and 2) the plaintiff is also *entitled* to the award. 5 U.S.C. § 552(a)(4)(E); *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992). A plaintiff who "substantially prevails" under FOIA is *eligible* for such an award. *Tax Analysts*, 965 F.2d at 1093. But even if a court determines a plaintiff is eligible for an award of attorneys' fees, it also has to find that plaintiff is entitled to such an award as well. To determine if a plaintiff is entitled to attorney's fees, a court examines four factors: 1) the public benefit derived from the case; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) the reasonableness of the agency's withholding. *Id.* And even after examining these factors, an award of attorneys' fees remains solely a matter of court discretion. *Id.* at 1094.

Because Plaintiff did not substantially prevail here, it is neither eligible nor entitled to an award of attorneys' fees, and its motion should be denied.

**I.      PLAINTIFF IS NOT ELIGIBLE FOR AN AWARD OF ATTORNEYS' FEES**

The Supreme Court's decision in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Services* explicitly rejected the "catalyst theory" plaintiff here advances, prohibiting the recovery of attorneys' fees where there has been no enforceable judicial relief that alters the legal relationship between the parties. 532 U.S. 598, 605 (2001). The Supreme Court held that the term "prevailing party" for the purpose of attorneys' fees under the Fair Housing Amendments Act and the Americans with Disabilities Act did not include a party that had obtained the result desired by the lawsuit because of a voluntary change in the defendant's conduct. *Buckhannon*, 532 U.S. at 600. In so doing, the Court rejected the "catalyst theory" as a basis for an award of attorney's fees, under which a plaintiff could recover fees as the "prevailing party" if a lawsuit achieved the desired result because it brought about a voluntary change in the defendant's conduct. *Id.* at 601-02. The Court stated: "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.* at 605 (emphasis in original). Putting it even more clearly, the Court stated: "We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but otherwise potentially meritless lawsuit (it will never be determined), has reached the sought-after destination without obtaining any judicial relief." *Id.* at 606 (internal quotation marks and citiation omitted).

The D.C. Circuit first applied *Buckhannon* to FOIA cases seeking attorneys' fees in *Oil,*

*Chemical and Atomic Workers Int'l Union*, finding that the "substantially prevail" language in the FOIA statute is the functional equivalent of the "prevailing party" language in other statutes. 288 F.3d at 455-56. Consistent with *Buckhannon*, the circuit court ruled that "in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *Id.* at 456-57 (quoting *Buckhannon*, 532 U.S. at 603). The court further explained that "[t]he discussion in *Buckhannon* . . . makes clear that there must be some sort of 'judicial relief' in favor of the party seeking an award of fees." *Id.* at 458. This requires a "court ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant." *Id.* (citing *Buckhannon,* 532 U.S. at 604) (alterations in original). If the defendant voluntarily changes its conduct, the court is not to analyze the reasons for such a change in determining whether a plaintiff is to recover fees. *Id.* at 459 ("*Buckhannon* clearly instructs that we are not to analyze 'the defendant's subjective motivations in changing its conduct.'").

Plaintiff alleges that it has substantially prevailed in this case because the FBI released the subject videotapes after this lawsuit was filed. *See* Pl's Mot. for Attny Fees at 6 (hereinafter "Pl's Mot."). The simple fact that the videotapes were released, however, does not meet the requirements of substantially prevailing, *e.g.*, receiving a favorable judgment or a court-ordered consent decree. None of the court orders that Plaintiff cites in its motion as prompting FBI's actions were decisions on the merits of Plaintiff's claims. Plaintiff alleges that the various orders staying the case so that defendant could redact the subject videotapes required the release of the videotapes and that if defendant did not produce the tapes by the dates set in those orders defendant would have been in contempt of court. Pl's Mot. at 6. Those orders, however, were

merely procedural.

In its motion for an extension of time filed July 11, 2006, defendant indicated that "[b]arring any privacy concerns that may arise should individuals be clearly visible on the recording, defendant intends to release the Nexcomm/Citgo gas station tape as soon as the final review can be completed." Def's Mot. for Ext. of Time (July 11, 2006) at 3. The motion clearly illustrates that defendant indicated, at the outset of this lawsuit, that it planned to voluntarily release the Nexcomm/Citgo gas station videotape. Similarly, in the joint stipulations seeking stays of this case filed July 19, 2006, August 14, 2006, and November 8, 2006, defendant's voluntary decision to release both the Nexcomm/Citgo and Doubletree Hotel videotapes was assumed in the stipulation, it was not ordered by the Court after an analysis of the merits of the case.

Indeed, throughout this lawsuit defendant worked openly with plaintiff to attempt to release the sought videotapes in a cooperative manner, so the Court was never in a position in which it needed to assess the merits of plaintiff's case and determine the rights of the parties. Defendant affirmatively took that issue off the table by stating at the outset it intended to voluntarily release the Nexcomm/Citgo gas station videotape and then, when it became an issue, indicating it also intended to voluntarily release the Doubletree Hotel videotape. Therefore, the release of the documents was not as a result of a substantive court order that determined the rights of the parties so as to afford "substantially prevailing party" status on plaintiff. *See Union of Needletrades, Industrial and Textile Employees v. INS*, 336 F.3d 200, 206 (2d Cir. 2003) (plaintiff was not substantially prevailing party when agency released documents after lawsuit filed, but when Court did not reach merits of Plaintiff's claims); *Oil, Chemical and Atomic*

*Workers*, 288 F.3d at 458-59 (procedural rulings are not rulings on the merits of a claim for plaintiff to be substantially prevailing party).

*Oil, Chemical and Atomic Workers*, is particularly instructive in this context.  There, the court had entered a "Stipulation and Order" dismissing the case after the government provided most of the materials that the plaintiff sought.  *Id.* at 457.  The dissent focused on a court order dated August 23, 1999, which "directed defendant to search for certain records and to release to plaintiffs all records thus retrieved except those records or portions of records determined to merit continued withholding under applicable law," reasoning that "[t]he existence of the August 23 Order directing the government to release documents that [the plaintiff] had sought and the government had previously withheld is a judicially sanctioned victory on the merits."  *Id.* at 465 (Rogers, J., dissenting).  The majority explicitly rejected that reasoning, however, stating:

> The only part of the order which arguably changed the legal status of the parties was the requirement that the Energy Department complete its record review in 60 days. . . . Both before and after August 23 the district court did not disallow any of the Energy Department's justifications for exempting documents, or portions of documents, from disclosure.  This is not judicial relief on the *merits* of the union's complaint.

*Id.* at 458-59 (emphasis in original).  Likewise, in this case, the Court's orders staying the case so that defendant could redact and release the videotapes did not constitute judicial relief on the *merits* of plaintiff's claim.  Like the August 23, 1999 order in *Oil, Chemical and Atomic Workers*, the Court's orders staying the case merely provided the defendant extra time to redact and release videotapes that it had already decided to voluntarily release.  As in *Oil, Chemical and Atomic Workers*, none of the Court's orders in this case disallowed any of the defendant's justifications for redactions.  The interim orders that plaintiff relies on in this case to recover attorneys' fees are

not sufficient to deem plaintiff a substantially prevailing party for purposes of an award of attorneys' fees. *Id.; see also Union of Needletrades*, 336 F.3d at 206 ("while [plaintiff] may have accomplished the objective it sought to achieve by initiating this FOIA action, its failure to secure either a judgment on the merits or a court-ordered consent decree renders it ineligible for an award of attorney's fees under *Buckhannon*").

Plaintiff's reliance on *Davy v. Central Intelligence Agency*, 456 F.3d 162 (D.C. Cir. 2006), and *Edmonds v. FBI*, 417 F.3d 1319 (D.C. Cir. 2005) is misguided. In *Davy*, the D.C. Cir. found that the plaintiff had "substantially prevailed" because the plaintiff achieved a Court order requiring the defendant to conduct a search for responsive records and release of those records on dates certain. *Id*. at 166. *Davy*, as a panel opinion, cannot overturn the D.C. Circuit's holding in *Oil, Chemical and Atomic Workers*, 288 F.3d 452, which is directly on point here. Indeed, the D.C. Circuit recently reaffirmed the continued validity of *Oil, Chemical and Atomic Workers* in *Davis v. Dep't of Justice*, 460 F.3d 92, 105-06 (D.C. Cir. 2006) (relying exclusively on *Oil, Chemical and Atomic Workers* and *Buckhannon* in upholding the denial of attorneys' fees in a FOIA case). In *Edmonds* the D.C. Circuit held that plaintiff substantially prevailed in her FOIA case because the district court ordered expedited processing of her request. *Id*. at 1324. In reaching this decision the Circuit Court focused on the fact that expedition is a right provided for by statute, and "there is value to obtaining something earlier than one otherwise would." *Id.* The *Edmonds* Court granted expedited processing under the statute and ordered the agency to take action it would not otherwise have taken.

Unlike *Davy* and *Edmonds*, the Court here did not order defendant to do anything it had not already volunteered to do. Defendant voluntarily decided to release the requested videotape

at the outset of the case (saying the same of the Doubletree Hotel videotape when plaintiff amended the complaint) and the only orders issued by the Court, with the exception of the order granting defendant's motion to dismiss the case as moot, were a grant of an extension of time and subsequent orders staying the case. If anything, these stays benefitted defendant, by granting it the time it requested to facilitate the redaction of the videotapes. At no time, however, did the Court order defendant to take actions it would not otherwise have taken.

From the beginning of this case, defendant was clear that it intended to voluntarily release the requested videotapes. The only orders the Court issued were directed at providing defendant with the time necessary to redact the videotapes that defendant indicated it would release. None of these orders "changed the legal relationship between the plaintiff and the defendant." *Oil, Chemical and Atomic Workers*, 288 F.3d 458 (internal quotation marks and citation omitted). Accordingly, plaintiff has not "substantially prevailed" in this case, and plaintiff's motion for attorney's fees should be denied.

## II.     PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES

Even if Plaintiff were *eligible* for attorneys' fees by being a substantially prevailing party, which it is not, the Court still must use its discretion to determine whether Plaintiff is *entitled* to attorneys' fees by examining the following factors:  1) the public benefit derived from the case; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) the reasonableness of the agency's withholding. *Tax Analysts*, 965 F.2d at 1093.

As these videotapes were part of the investigation into the September 11, 2001 attacks, there is little question that there is public interest in their release. In balancing this factor, however, the Court should be aware that these videotapes show little, if anything, that adds any

information to the public knowledge of that day's horrible attacks. The Nexcomm/Citgo gas station videotape shows only patrons and employees of the gas station going about their daily business on September 11, 2001. While the gas station itself is located near the Pentagon, the security camera videotape FBI voluntarily released here is no different than what could be found on thousands of other gas station security camera videotapes everyday of the year. The Doubletree Hotel videotape shows a brief glimpse of a pillar of smoke rising in the distance caused, presumably, by the impact of Flight 77 into the Pentagon. The videotape does not show the plane, it does not show impact, it does not even show the Pentagon.[2] Defendant will not challenge plaintiff's assertion that there is there public interest in these videotapes, but that fact should be balanced by the videotapes' lack of substantive content.[3]

Defendant does not challenge plaintiff's assertion that it did not commercially benefit from the release of these videotapes, and that its interest in these videotapes was legitimate. The fourth factor, however, heavily favors defendant. In examining the reasonableness of the government's withholding the government must show only that it had a "reasonable or colorable

---

[2] Both of the videotapes are available on plaintiff's website: <<http:www.judicialwatch.org>>.

[3] Defendant does, however, take issue with plaintiff's accusation that the release of the Doubletree Hotel videotape showed that an FBI Special Agent lied under oath in an unrelated case. Pl's Mot. at 9. While counsel is unfamiliar with the details of that particular case, according to plaintiff, Special Agent Jacqueline Maguire made false statements in a declaration she filed in *Bingham v. DOJ*, Civil Action No. 05-00475 (PLF) (D.D.C.), stating that the Doubletree Hotel videotape does not show the impact of Flight 77 into the Pentagon. This statement is entirely consistent with the videotape released, as the videotape does not show any type of impact, it merely shows smoke which presumably resulted from the impact. How plaintiff could claim that Special Agent Maguire's statement is false after viewing the Doubletree Hotel videotape is baffling, and plaintiff's attempt to malign a sworn law enforcement officer here, in a case in which she is not involved, is reprehensible.

basis for the withholding" and that it was not engaged in "recalcitrant or obdurate behavior." *See Tax Analysts v. Department of Justice*, 965 F.2d 1092, 1097 (D.C. Cir. 1992); *see also Ellis v. United States*, 941 F. Supp. 1068, 1080 (D. Utah 1996). Plaintiff acknowledges that at the time it filed its first FOIA request, the requested videotapes were being used in the trial of Zacharias Moussaoui and it was told that they were exempt from disclosure under FOIA Exemption (b)(7)(A), 5 U.S.C. § 552(b)(7)(A). Pls' Mot. at 11. And while plaintiff received only an acknowledgment of its second FOIA request, it amended its Complaint to add a claim based on that request roughly one month after the request was received. First Amend. Compl. ¶ 14. Plaintiff claims that it is entitled to fees based on this fourth factor because the defendant agency was not timely in rendering a decision on the appeal of the denial of plaintiff's first request and in responding to plaintiff's second request. Pl's Mot. at 10-11. Unless the agency, in delaying processing of a FOIA request, however, exhibits "recalcitrant or obdurate behavior," or it is clear that the agency delayed "to avoid embarrassment or frustrate the requester," the agency's delay should not be considered in assessing the fourth factor. *See Read v. Federal Aviation Admin.*, 252 F. Supp. 2d 1108, 1112 (W.D. Wash. 2003) ("delay due to bureaucratic ineptitude alone is not sufficient to weigh in favor of an award of attorney's fees). *See also Tax Analysts*, 965 F.2d at 1097 ("we note that the reasonable-basis-in-law factor is intended to weed out those cases in which the government was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.") (internal quotation marks and citation omitted); *Kendland Co., Inc., v. Dep't of the Navy*, 599 F. Supp. 936, 939 (D. Me. 1984) (same).

The agency did not act in any way in this case that should be construed as causing unusual delay, and certainly did not act in a recalcitrant or obdurate manner. The only significant

delay plaintiff endured was a delay in a decision on its appeal of the denial of its first FOIA request. That delay was not an effort to avoid embarrassment or frustrate the requester, as defendant voluntarily released the videotapes. Thus, the fourth factor surely weighs in defendant's favor.

Finally, whether plaintiff is entitled to fees is ultimately a matter of the Court's discretion. *Tax Analysts*, 965 F.2d at 1094. From the outset of this case defendant indicated a willingness to release the sought videotapes in a way that protected innocent individuals' privacy. Defendant worked cooperatively with plaintiff to resolve this dispute short of briefing, and was able to do so in a way that minimally involved the Court. The approach defendant took in handling this case should be encouraged. The Court should not punish defendant's openness and cooperative approach by now requiring defendant to pay plaintiff's attorneys' fees.

### III. EVEN IF PLAINTIFF IS ELIGIBLE AND ENTITLED TO ATTORNEYS' FEES IT MAY NOT BE AWARDED FEES FOR CLERICAL WORK CONDUCTED BY A PARALEGAL

The documentation that plaintiff submitted in support of its motion indicates that it is seeking recovery for non-legal, clerical work. While the D.C. Circuit recognizes that paralegal fees may be recoverable for "suitable tasks," *Role Models America Inc. v. Brownlee*, 353 F.3d 962, 974 (D.C. Cir. 2004), a plaintiff may recover fees for paralegal work "only to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses." *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). *See also Democratic Central Comm. v. Washington Metro. Area Transit Comm'n*, 12 F.3d 269, 272 (D.C. Cir. 1994) (following *Allen* to deny recovery for paralegal fees); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (applying rule of *Allen* to recovery of

attorneys' fees under Equal Access to Justice Act), *aff'd*, 496 U.S. 154 (1990). Plaintiff listed the work of David F. Rothstein as a senior litigation assistant/paralegal to be compensated at a rate of $120.00 per hour for his work during 2006. The majority of the hours listed for David Rothstein, however, appear to be clerical and/or secretarial in nature, rather than legal. See Pl.'s Ex. 1 at rows 3, 5, and 6. Because these tasks completed by Mr. Rothstein, and totaling a claimed $660.00, are purely clerical in nature– *e.g.*, proofreading, updating and indexing files, and activities related to filing– fees for those activities should not be recoverable by plaintiff in this action.

## CONCLUSION

For the reasons set forth above the Court should deny plaintiff's motion for attorneys' fees.

Dated: December 22, 2006                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
ELIZABETH J. SHAPIRO (D.C. Bar #418925)
Assistant Director

　　　　　　／s／
JONATHAN E. ZIMMERMAN
(MA Bar # 654255)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6138
Washington, D.C., 20001
Telephone: (202) 353-0441 / Fax: (202) 318-7610
jonathan.zimmerman@usdoj.gov

*Attorneys for Defendant*